IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In Re: | MDL No.: 8:09-mn-2054-JFA |
| IRS Section 1031 Tax Deferred Exchange Litigation (MDL 2054) | |
| Parviz Farahzad, | C/A No. 3:11-572-JFA |
| Plaintiff, | |
| vs. | |
| Lawyers Title Insurance Company; Fidelity National Title Insurance Company, | **SUGGESTION OF REMAND** |
| Defendants. | |
| Vivian R. Hays, an individual, et al., | C/A No. 3:11-619-JFA |
| Plaintiffs, | |
| vs. | |
| Commonwealth Land Title Insurance Company, a Nebraska Corporation, et al., | |
| Defendants. | |

The above two cases, still in their infancy, were transferred to this court pursuant to the Multidistrict Litigation statute 28 U.S.C. § 1407. For the reasons set forth below, this court respectfully submits to the Judicial Panel on Multidistrict Litigation that remand of the above cases to the transferee districts is appropriate. R.P.J.P.M.L. 10.1(b)(I).

1

PROCEDURAL HISTORY

In Terry v. Suntrust Banks, C/A No. 8:09-415-JFA ("Terry"),[1] the first of four technically related actions, was filed in this court on February 19, 2009. Thereafter, a second case, Arthur v. SunTrust Banks, C/A No. 8:09-1739-JFA ("Arthur")[2] was transferred to this court pursuant to the Panel's transfer order, dated June 29, 2009. Shortly after these cases were initiated, motions to dismiss were filed in both cases for failure to state a claim. After exhaustive briefing and oral argument, this court granted the Rule 12(b)(6) motions filed by the defendants in both cases and dismissed the cases on June 15, 2011, for failure to state a claim.[3]

Subsequent to the MDL initial assignment, but prior to the dismissal of Terry and Arthur, two additional cases, Farahzad v. Lawyers Title, C/A No. 3:11-572-JFA

---

[1] This case was removed on February 19, 2009, from the Anderson County Court of Common Pleas in South Carolina, case number 2009-CP-04-373. The South Carolina plaintiffs then moved the MDL Panel to centralize the litigation in the District of Nevada or the District of South Carolina, with the defendant suggesting the Northern District of Georgia or the Eastern District of Virginia. Ultimately, the MDL Panel determined that the District of South Carolina was the appropriate transferee forum for this litigation and issued its Transfer Order for the Terry case and the Arthur case on June 12, 2009.

[2] This case was originally filed on January 14, 2009 in the Southern District of California (C/A No. 3:09-54) and transferred to the MDL on June 12, 2009.

[3] Both cases are presently on appeal with the Fourth Circuit Court of Appeals. The Fourth Circuit has associated the two cases. See Terry v. Suntrust, USCA No. 11-1704, and Arthur v. Suntrust, USCA No. 11-1707.

("Farahzad"),[4] and Hays v. Commonwealth, C/A No. 3:11-619-JFA ("Hays"),[5] were transferred this district by MDL order. When the cases arrived in this district, briefing was already underway on the motions to dismiss in the first two cases (Terry and Arthur). The parties in the newly filed cases (Farahzad and Hays) moved this court for and were granted a stay of all proceedings until the court ruled on the 12(b)(6) motions to dismiss filed in the first two cases.

Thereafter, the defendants in the Farahzad and Hays cases filed 12(b)(6) motions and sought to have this court dismiss for failure to state a claim as well. The court reviewed the briefs submitted by the parties and conducted oral argument in January 2012. Those motions remain under advisement by this court.

This court has determined that it should take the somewhat unusual step of suggesting that the two pending cases (Farahzad and Hays) be remanded to their respective transferee districts. First, the claims that this court addressed in the first two cases (now closed and on appeal), Terry and Arthur, are substantially different from those presented in the remaining pending cases (Farahzad and Hays). Thus, a decision from the Court of Appeals in Terry and Arthur will provide little guidance to this court in the two pending cases.

Second, and more importantly, the two newly-filed cases are not related such that

---

[4] This case was originally removed from the Supreme Court, State of New York, Suffolk County, (case number 10-37567), to the Eastern District of New York (C/A No. 2:10-6010) and transferred to the District of South Carolina on March 10, 2011.

[5] This case was filed in the Northern District of California (C/A No. 3:10-5336) on November 24, 2010, and transferred to the District of South Carolina on March 14, 2011.

3

consolidation in an MDL docket is appropriate. To begin with, one case involves questions of California law and the other involves questions of New York law. Moreover, the claims asserted in the pending cases do not involve common questions of fact. For this reason, the discovery will be different, and there is little for this court to "coordinate" as is generally done in MDL cases. Because the economies generally derived from multidistrict litigation in cases would not come into play in these two pending cases, and because this court would, sitting in the District of South Carolina, be called upon to make highly technical rulings regarding New York and California law, it appears to this court that the cases should be returned to the transferee districts for further processing.[6]

Of course, if the MDL Panel determines otherwise, this court will be pleased to proceed to manage these cases as it has done on previous occasions.

IT IS SO ORDERED.

February 27, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[6] Though the procedural posture of this case is unique, other district courts have also suggested remand where the remaining issues involved the case-specific application of state law. See, e.g., In re Activated Carbon-Based Hunting Clothing Mktg. Sales Practices Litig., --- F.Supp.2d ----, MDL No. 2059, 2012 WL 72844, at *7 (D. Minn. January 10, 2012) (suggesting remand despite pending motions to dismiss and for summary judgment because the motions raised unique state-law issues); In re Light Cigarettes Mktg Sales Practices Litig., --- F.Supp.2d ----, MDL No. 2068, 2011 WL 6151510, at *4 (D. Me. Dec. 12, 2011) (suggesting remand where remaining issues "present case-specific questions unique to the state law of their respective jurisdictions" despite "leaving some pretrial work undone").